# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Jane Roe**, as Mother and Custodian of Johnny Roe, et al. | : | Case No. 1:01-CV-422 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | |
| vs. | : | **JOINT MOTION TO AMEND** |
| | : | **JUDGMENT AND MEMORANDUM** |
| **Butler County, Ohio et al.**, | : | **IN SUPPORT** |
| | : | |
| Defendants. | : | |
| | : | |

## MOTION AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. Civ. Proc. 60(b), Butler County and Plaintiffs jointly move to amend the judgment in this case for the purposes of clarifying that when the offer of judgment was made and accepted the parties intended that a portion of the judgment be structured for the benefit of the minor Johnny Roe. The judgment in this case was entered pursuant to a Rule 68 offer of judgment and acceptance after extensive negotiations with Magistrate Judge Hogan.

Rule 60(b) provides that the court may relieve a party from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. Pro. 60(b). The motion must be made within one year after the judgment was entered. *Id*. Additionally, a court must equitably and liberally apply a Rule 60(b) motion to achieve substantial justice. A plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct. *In Re Salem Mortgage Co*., 791 F.2d 456, 459 (6th Cir.1986). A district court may also use Rule 60(a) to "resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Dickens v. Jones*, 2002 WL

1480805, at *1 (E.D.Mich. Jun 17, 2002) (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir.1992).

On  August 15, 2003 this Court entered judgment (Doc. 77) for the Plaintiffs after the parties filed a notice of acceptance of a Rule 68 Offer of Judgment (Doc. 76).  The parties omitted from the offer of judgment and acceptance reference to the fact that $75,000 of the settlement to Plaintiff minor Johnny Roe was to be structured.  The purpose of the structure is to purchase an annuity that would pay minor Johnny Roe throughout his life.  The annuity available from John Hancock would turn a $75,000 settlement into a lifetime annuity of $450.06 per month from age 21 until death, with $5,000 cash on Johnny's 18th and 21st birthdays.  The projected future benefits of this annuity, based on a normal life expectancy is $ 323,242.00.  The parties intended to structure the settlement for Johnny Roe, but omitted reference to it in the offer of judgment and acceptance.  A structured settlement is in the best interest of minor Johnny Roe, see Declaration of Karen Meyers.

Therefore, the parties respectfully request that judgment be amended to state:

IT IS ORDERED AND ADJUDGED that pursuant to the Offer of Judgment and Acceptance of Judgment (Doc. 76) and the Joint Motion to Amend the Judgment, that judgment is entered against Defendant, Butler County, Ohio in the amount of Two Hundred Thousand Dollars ($200,000), wherein $75,000 of that judgment shall be distributed to John Hancock Assignment Co. for the purchase of a structured settlement annuity for the benefit of minor Johnny Roe.

Respectfully submitted,

s/ Jennifer L. Branch
per authorization January 13, 2004
Jack C. McGowan
Attorney for Butler County Defendants
246 High Street
Hamilton, OH 45011
(513) 844-2000

s/ Jennifer L. Branch
Alphonse A. Gerhardstein (0032053)
Trial Attorney for Plaintiffs
Jennifer L. Branch (0038893)
Attorney for Plaintiffs
617 Vine Street #1409

Cincinnati, Ohio 45202
(513) 621-9100
jbranch@laufgerhard.com
agerhardstein@laufgerhard.com

Michael Conese #0032804
Attorney for Plaintiffs
Conese & Conese
21 Ludlow Street
Hamilton, OH 45011
(512) 737-7044

## CERTIFICATE OF SERVICE

I here by certify that on January 15, 2004 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

s/ Jennifer L. Branch
Attorney for Plaintiff

3