Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
**(Cite as: 2002 WL 1480805 (E.D.Mich.))**
<KeyCite History>
Only the Westlaw citation is currently available.

United States District Court, E.D. Michigan, Southern Division.

Marvin Dwayne DICKENS, Petitioner,
v.
Kurt JONES, Respondent,

No. CIV.01-CV-70984-DT.

June 17, 2002.

OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT

TARNOW, District J.

*1 On April 23, 2002, this Court conditionally granted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Before the Court is respondent's motion for relief from judgment, in which respondent asks this Court to amend its opinion and order. For the reasons stated below, the motion for relief from judgment is GRANTED.

Fed.R.Civ.P. 60(a) states that a clerical mistake in a judgment or order may be corrected by the court at any time on its own initiative or upon motion of either party. A federal district court is not limited under Rule 60(a) to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also use Rule 60(a) to "resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992).

In the present case, the Court granted a petition for writ of habeas corpus conditioned upon the State of Michigan conducting a juvenile waiver hearing in the juvenile division of the Wayne County Probate Court within one hundred and twenty days of the Court's order. The time to appeal the Court's decision has passed and respondent has indicated that it will comply with the Court's order. However, respondent notes that Michigan Public Act 388 (1996) changed the structure of the state trial courts in Michigan and that the juvenile division of the Wayne County Probate Court is now the Family Division of the Wayne County Circuit Court. Respondent asks the Court to amend the opinion and order granting the petition for writ of habeas corpus to reflect this fact.

The Court will grant the motion for relief from judgment to resolve any ambiguity in its original opinion and order, in order to ensure that the Court's purpose in granting the writ be fully implemented. Accordingly, the Opinion and Order Conditionally Granting the Petition for Writ of Habeas Corpus dated April 23, 2002 is amended to reflect that the juvenile waiver hearing ordered in this case be conducted in the Family Division of the Wayne County Circuit Court within one hundred and twenty days from the date of the Court's original opinion and order.

2002 WL 1480805 (E.D.Mich.)

END OF DOCUMENT